

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL.

Supersedes C-510
in part

December 1, 1971

Representative Tommy Shannon
Chairman, Committee on House
   Administration
Texas House of Representatives
P. O. Box 2910
Austin, Texas 78767

Dear Representative Shannon:

Opinion No. M-1006

Re: Authority of House Members to travel at State expense in privately owned airplanes on official business within and out of Texas.

     You have requested our opinion on the question of the authority of House Members to travel at State expense in privately owned airplanes on official business from points within Texas to points outside Texas, and return, and the rate of reimbursement allowed.

     Our answer is that members of the Legislature who serve on any board, council, committee or commission connected with the legislature are entitled to reimbursement at the rate of 16¢ per highway mile, when traveling in their privately owned airplane on such official business from points within the State to points outside the State and return.

     In Attorney General's Opinion C-510 (1965), we stated:

"The provisions of House Bill 12, Section 14(a), Article V, do not allow reimbursements to 'executive heads' traveling in their personally owned airplanes outside the boundaries of the State of Texas."

     Additional language, entitled "Exceptions to the per diem and travel allowances", was made a part of House Bill 2, Article V, Section 16d for the 1970-71 biennium, and carried over into the current general appropriation act, [1] in Article V, Sec. 15c (p. V-42) which was not a part of the appropriation bill when

---

[1] S.B. 11, Acts 62nd Leg., R.S., 1971, as amended by S.B. 7, 1st C.S., 62nd Leg., 1971.

-4906-

Attorney General's Opinion C-510 (1965) was published.  This additional language reads as follows:

> "When traveling on official business in
> side the state, such Members of the Legislature
> shall be reimbursed for mileage on the same
> basis as is provided in this Act for other State
> officials and employees; and it is further pro
> vided that the same mileage rates shall apply to
> necessary travel to points within the State other
> than the seat of government.  For necessary travel
> on official business outside the State, such
> Members of the Legislature shall be reimbursed
> for the actual cost of commercial transportation
> except that such cost shall not include Federal
> taxes from which such officials are exempt, or
> at the same mileage rate as is prescribed above
> in this paragraph where a personally owned auto
> mobile or airplane is used for such travel."
> (Emphasis added.)

The rate of reimbursement for members of the Legislature for travel in their personally-owned airplanes within the boundaries of the State and between points of necessary official business is set at 16¢ per highway mile in Article V, Sec. 12a of the current general appropriation act, which reads, in part, as follows:

> "The rate of reimbursement to executive
> heads and key officials, including members of
> the Legislature, for travel in their personally
> owned airplanes within the boundaries of the
> State of Texas and between points of necessary
> official business shall be sixteen (16) cents
> per highway mile.  The rate of reimbursement for
> other State employees for travel in their per
> sonally owned airplanes within the boundaries
> of the State of Texas and between points of
> necessary official business shall be ten (10)
> cents per highway mile."  (at p. V-39-40).

The above covers both out-of-state and in-state travel on official business.

We believe that the Legislature's clear intent to allow reimbursement at the rates stated in Sec. 12a supra, covering both

in-state and out-of-state air travel is indicated by the above quoted language and its heading as an "Exemption to the per diem and travel allowance." The wording in Sec. 15c specifically states that ". . . such Members of the Legislature shall be reimbursed . . ." (Emphasis added.)

The legislative intent must control in statutory construction and when found no further attempt to construe or interpret the law will be made. 53 Tex.Jur.2d 182, Statutes, Sec. 125.

In 53 Tex.Jur.2d 172, Statutes, Section 121, it is further stated:

"Accordingly, no particular rule will be followed if it leads to an illogical conclusion or a result at variance with the intention of the legislature. In other words, the legislative intent is not to be defeated by resort to technical rules or subleties."

Attorney General's Opinion No. C-510 (1965), in part, is no longer applicable in view of subsequent statutory changes and is thus superseded.

## SUMMARY

House Bill 2, Article V, Section 13a, the general appropriation act for the 1970-71 biennium and the current general appropriation act for the fiscal year 1971-1972 (S.B. 11, Acts 62nd Leg., R.S., 1971, as amended by S.B. 7, 1st C.S., 62nd Leg., 1971) allow reimbursement, at the rate of 16¢ per highway mile, for use of personally owned airplanes by legislators who serve on any board, council, committee or commission for both in-state and out-of-state travel on official business.

Attorney General's Opinion No. C-510 (1965) has been superseded in part and is inapplicable in part due to subsequent statutory changes.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

-4908-

Prepared by Melvin E. Corley
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
John Reeves
Houghton Brownlee
Max Hamilton
John Banks

SAM McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant